■ GATES OF WOODBURY COMPANY, Appellant, v. TOWN OF OYSTER BAY et al., Respondents.— In an action to declare invalid and unconstitutional a certain amendment to the Building Zone Ordinance of the Town of Oyster Bay (Resolution No. 1284-1964), plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated March 3, 1967 and made after a non-jury trial, which dismissed the complaint. Judgment modified, on the law and the facts, by striking out so much of the decretal paragraph thereof as directs

that the complaint is dismissed and by substituting therefor a provision declaring that the zoning amendment in question is valid and constitutional. As so modified, judgment affirmed, with costs to respondents. The zoning amendment in question in effect reinstated the zoning of appellant's subject real property to Residence " B " (one acre minimum building plots), after having downgraded it to Residence " C " (10,000 square feet). The trial court correctly concluded that the amendment was valid and constitutional. *De Sena* v. *Gulde* (24 A D 2d 165) is distinguishable. There, the Board of Trustees of the Village of Hempstead, after having zoned the plaintiff's property for light manufacutring as part of a master zoning plan, proceeded to upgrade the property to single family residence solely because of coercive threats by residents of the area affected that unless the upgrading were adopted the village merchants would be boycotted, picketing and demonstrations would take place, " outside help " would be brought in, and thereby the village would be destroyed; the board abandoned its own conviction that the property should be zoned for light manufacturing, thus bowing to a consideration that was extraneous to the relationship between the zoning power and the use of the land. In the instant case there indeed were public meetings and picketing designed to influence the upgrading, but no improper coercive action, and the Town Board adopted the amendment upon its own judgment that it was in the best interests of the general welfare of the community in the zoning sense. However, it was error to dismiss the complaint " merely because  *  *  *  [plaintiff was] not entitled to the declaration sought by " him and a declaration should have been made in favor of defendants (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74; *Town Bd. of Town of Poughkeepsie* v. *City of Poughkeepsie*, 22 A D 2d 270, 276). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.